IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM NEWMAN and** | : | CIVIL ACTION |
| **GEORGIANA HOLMES** | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | NO.  02-CV-3770 |
| **Lieutenant Colarette,** | : | |
| **Sergeant McFadden,** | : | |
| **Detective Fong,** | : | |
| **Police Officer Haughton,** | : | |
| **Police Officer Sarris,** | : | |
| **Police Officer Bernard,** | : | |
| **Police Officer Leventhal,** | : | |
| **Police Officer Testa and** | : | |
| **Police Officer Degliomin** | : | |

### ORDER

　　　　AND NOW, this 5th day of November, 2002, after a hearing at which counsel for all parties were heard, it is **ORDERED** that:

　　　1.　Detectives John Doe #1-3 and Police Officers John Doe #1-10 are dismissed from this action.

　　　2.　Lieutenant Colarette is added as a named defendant and is represented by Mr. Edward Chew, Esq.

　　　3.　Sergeant Florentino and Sergeant Walls are dismissed from this action without prejudice not having been served within 120 days as required by Fed. R. Civ. P. 4(m).

　　　4.　All discovery shall be completed by **JANUARY 10, 2003**.

　　　5.　Pretrial memoranda in accordance with Fed. R. Civ. P. 26 as amended, Local Rule 16.1(c), and the rules of this judge as stated in the Handbook of Pre-Trial and Trial Practices and Procedures of the United States District Court for the Eastern District of Pennsylvania (available from the Clerk of Court or the Philadelphia Bar Association, or on-line at www.paed.uscourts.gov, under Judge Shapiro's procedures) shall be filed as follows:

    Plaintiff - on or before **JANUARY 10, 2003**;
    Defendant - on or before **JANUARY 24, 2003**;

Plaintiff shall propose stipulated facts.  Defendant shall state agreement or disagreement with each of plaintiff's proposed stipulated facts and may counter-propose stipulated facts to which plaintiff is obligated to respond prior to the final pretrial conference.

Exhibits shall be submitted to chambers with the final pretrial memoranda.  In accordance with Fed. R. Civ. P. 26(a)(3), listed exhibits shall be numbered and **premarked** for use at trial; no exhibit shall be listed unless it is already in the possession of opposing counsel.  **Only specifically listed exhibits may be used in the party's case-in-chief** except by leave of court.

As to documents listed in accordance with Fed. R. Evid. 803(6), as amended, notice in accordance with Fed. R. Evid. 902 (11) or (12) must be given no later than two weeks prior to the date the final pretrial memorandum is due.

All witnesses as to liability and damages should be listed.  Only listed witnesses may testify at trial except by leave of court.  Any party who intends to use deposition testimony at trial must submit deposition designations, counter-designations and objections in the final pretrial memorandum.

Any party who intends to use expert testimony at trial must comply with Fed. R. Civ. P. 26(a)(2) on or before the due date of that party's pretrial memorandum, unless earlier ordered by the court.  An expert's testimony at trial shall be limited to the information provided by the due date of a party's pretrial memorandum.

Any other pretrial or trial matter requiring attention of the judge prior to trial, including but not limited to subjects for consideration at pretrial conferences listed in Fed. R. Civ. P. 16(c)(1-16), shall be specifically addressed in the final pretrial memorandum.

**Any motions for summary judgment or other pretrial motions must be filed on or before the due date of the moving party's pretrial memorandum**; an answer to any such motion must be filed within the time provided by the Rules of Civil Procedure.  No reply is permitted without leave of the court.  Oral argument on any such motions will be heard at the final pretrial conference.

     6.   The final pretrial conference is scheduled for **FEBRUARY 18** at **3:00 p.m.**  Trial counsel must attend.  It is the

responsibility of any trial counsel who cannot attend to contact the court as soon as any conflict becomes known so the court may consider rescheduling the conference.  **Unless the court has otherwise granted permission, whoever attends the final pretrial conference will try the case.**

**In addition to each trial counsel, each plaintiff and defendant or, in the case of a corporate party, a representative with full authority to settle the case shall attend.  Telephone availability is not acceptable unless leave of court has been granted.  Failure to comply with this order may result in sanctions in accordance with the Federal Rules of Civil Procedure.**

A settlement conference with a magistrate judge will be arranged at the request of the parties.

7. This case will be placed in the jury trial pool on **FEBRUARY 19, 2002**, subject to call on 48 hours notice in accordance with the standing rule of this court as published in <u>The Legal Intelligencer</u>.  **On or before the date of trial, the parties shall submit points for charge and may submit proposed voir dire questions or jury interrogatories, preferably on a computer disk.**

_____
Norma L. Shapiro, S.J.